3
Michael H. Meyer, Esq. SBN #82336
Chapter 13 Trustee
Kelsey A. Seib, Esq. SBN #325686
Staff Attorney
PO BOX 28950
Fresno, California 93729-8950
Telephone (559) 275-9512
Fax (559) 275-9518
E-mail: noticing@meyer13.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

In re:

HILDA M. CAMPOS

        Debtor,

Case No.: 22-12086-B-13F

CHAPTER 13

DC NO. MHM-1

CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

DATE: February 15, 2023
TIME: 9:30 a.m.
PLACE: U.S. Courthouse
       Dept. B, Courtroom 13, 5th Floor
       2500 Tulare Street
       Fresno, Ca 93721

JUDGE: Hon. Rene Lastreto II

    **MICHAEL H. MEYER**, Chapter 13 Trustee in the above referenced matter, objects to confirmation of the Chapter 13 Plan filed on December 7, 2022, on the following grounds:

## I.

## BASIS OF OBJECTION

    **1.    The plan fails to comply with other applicable provisions of this title. [11 U.S.C. § 1325(a)(1)]**

    The Trustee objects on all grounds including but not limited to feasibility, liquidation and disposable income. The Trustee, however, cannot narrow the issues or recommend confirmation on the grounds that the schedules, plan and statements are incomplete and/or inaccurate. The Trustee has not received any required documents. Trustee reserves the right to supplement this objection when trustee has further information that would be helpful to the court.

**2.　　The plan fails to comply with other applicable provisions of this title. [11 U.S.C. § 1325(a)(1)]**

The Trustee has not yet concluded the Meeting of the Creditors as Debtor failed to appear at the 341 hearing on January 24, 2023. The continued meeting will be held on February 14, 2023. Debtor is required to appear and submit to an examination under oath. [11 U.S.C. §343]. The Trustee may have further objections to the plan, based on the testimony of Debtor at the continued Meeting of the Creditors. This case is not ready to be confirmed. The Trustee will supplement this objection when the Trustee becomes aware of further issues regarding confirmation as is required by Congress under 11 U.S.C. §1302(b)(2)(B).

**3.　　The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C. §1322(a)]**

From review of the plan, it appears Debtor may be attempting to treat Specialized Loan Servicing as both a delinquent claim and a current claim, in Class 1 and Class 4. However, there is limited information and the Trustee is not able to draw a conclusion based on the lack of information in the schedules. Specifically, Specialized Loan Servicing is not listed in Schedules D or E/F of Debtor's schedules and it is unclear from review of the plan which property secures this loan. Based upon the limited information provided, and the fact that as of the date of this objection, the creditor has not filed a proof of claim, the Trustee believes is it likely that the creditor has not received notice of the filing.

Class 1 of the plan provides for Specialized Loan Servicing. There is an arrearage amount of $114,803.27, and a monthly arrearage dividend of $1,913.39. However, there is no ongoing mortgage payment listed in Class 1. It is unclear to the Trustee whether or not Debtor is seeking to only pay the arrearage through the plan, whether the loan has matured or will mature during the course of the plan, and if so, if treatment under Class 1 is appropriate.

**4.　　The Debtor(s) will not be able to make all payments under the plan and comply with the plan. [11 U.S.C. §1325(a)(6)]**

The Plan does not fund month to month. Currently, the plan is short $240.07 per month. This may be remedied if the attorney agrees to decrease the monthly attorney fee dividend. However, given that there are other issues with the plan as mentioned above, it is unclear what plan payment amount is

appropriate. At this time, the plan is not ready to be confirmed, even if the attorney fee dividend is decreased.

As of the date of this objection, the plan payment due on January 25, 2023, has not been received by the Trustee.

## II.

## **POINTS AND AUTHORITIES**

11 U.S.C. §1322(a) provides that a plan shall provide for certain payments to creditors and for payment of claims within specified classes. Pursuant to 11 U.S.C. §1325(a)(1) the Court shall confirm a plan if the plan complies with the provisions of Chapter 13 and with other applicable provisions of this title.

11 U.S.C. §1325(a) provides that the Court shall confirm a plan if certain criteria set forth in §1325(a) is met.

The debtors carry the burden of proving, by a preponderance of the evidence, that the plan complies with the statutory requirements of confirmation. In re Arnold and Baker Farms, 177 B.R.648, 654 (9th Cir. BAP 1994), In re Warren, 89 B.R. 87, 93 (9th Cir. BAP 1988), In re Wolff, 22 B.R.510, 512 (9th Cir. 1982).

**WHEREFORE**, the Trustee requests that the Trustee's opposition to confirmation of the plan be sustained.

Dated: 1-30-23　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Kelsey A. Seib*
　　　　　　　　　　　　　　　　　　　　　Kelsey A. Seib, Staff Attorney for
　　　　　　　　　　　　　　　　　　　　　Michael H. Meyer, Chapter 13 Trustee